NOTICE
Decision filed 08/04/26. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2026 IL App (5th) 250549-U

NO. 5-25-0549

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Champaign County. |
| | ) | |
| v. | ) | No. 24-CF-772 |
| | ) | |
| JAMES MOSLEY JR., | ) | Honorable |
| | ) | Roger B. Webber, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE SHOLAR delivered the judgment of the court.
Justices McHaney and Bollinger concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The trial court failed to substantially comply with Illinois Supreme Court Rule 402A (eff. Nov. 1, 2003) where the court erroneously admonished defendant as to the maximum sentence.

¶ 2    Defendant, James Mosley Jr., appeals from a judgment of the circuit court of Champaign County revoking his probation for aggravated domestic battery and sentencing him to four years in the Illinois Department of Corrections and four years of mandatory supervised release. On appeal, defendant argues that the trial court failed to substantially comply with Illinois Supreme Court Rule 402A (eff. Nov. 1, 2003). Because the record does not demonstrate substantial compliance with Rule 402A, we reverse the judgment of the trial court revoking defendant's mandatory supervised release and remand with directions.

1

¶ 3                                    I. BACKGROUND

¶ 4     On June 10, 2024, the State charged defendant by information with one count of aggravated domestic battery, a Class 2 felony (720 ILCS 5/12-3.2(a)(1), 12-3.3(a-5) (West 2022)). On July 11, 2024, pursuant to an agreement with the State, defendant pled guilty to the charge. The trial court sentenced him to 60 days in the Champaign County Correctional Center, followed by 30 months of probation. Relevant to this appeal, prior to accepting defendant's plea, the court admonished defendant as follows:

> "You're charged here with aggravated domestic battery. Charge claims on May 29 of this year, in Champaign County, you, in committing a domestic battery, intentionally strangled Alissa R. Thornton, a family or household member of yours. Charge is a Class 2 felony. Maximum penalty of three to seven years imprisonment, any term of which would be followed by an additional four years of mandatory supervised release, what they used to call parole. Could be sentenced to a fine up to $25,000, ordered to pay restitution or any financial loss to a victim. Could be sentenced to probation or conditional discharge up to 48 months. But there is a mandatory minimum 60 consecutive days imprisonment, and any term of imprisonment to which you were sentenced has to be served on an 85 percent basis. What that means is you can't earn any more than four and a half days per month of good time credit toward a prison sentence."

¶ 5     As a condition of defendant's probation, defendant was required to report in person to the Champaign County Court Services Department following his release from the Champaign County Correctional Center.

¶ 6     On November 20, 2024, the State filed a petition to revoke defendant's probation, alleging that defendant failed to report to court services following his release from custody on August 6, 2024. On November 27, 2024, defendant was arraigned on the State's petition, where the following exchange occurred:

> "[Trial court]: And if the State is successful in proving that you violated your sentence in one or more ways that they've claimed you'd be subject to resentencing on the original charge, and since the original charge was a Class 2 felony with standard terms that means that you could have the possibility of a

2

sentence of incarceration with the Illinois Department of Corrections for up to 7 years or—up to 7 years is what I'm saying.

Alternatively, you could be—no. 7 to 15 years. I apologize.

Do I have that right? No.

I've got it. I believe it's 7 years.

> [Defense Counsel]: The case that you pled to—
>
> [Trial court]: 3 to 7 years. 3 to 7 years.
>
> [Defense Counsel]: —was a Class 2 felony.
>
> [Defendant]: Right. It was a 3 to 7.
>
> [Defense Counsel]: That's what he just stated.
>
> [Defendant]: No. He said 7 to 15.
>
> [Trial court]: 3 to 7.
>
> [Defendant]: Okay.
>
> [Trial court]: Forget about 15.
>
> [Defendant]: (Unintelligible.)
>
> [Trial court]: This morning I've gone back and forth between juvenile proceedings and adult proceedings and the rules in them are a little different and sometimes it's hard to keep straight, but I want to make it very clear on a Class 2 felony for an adult the maximum sentence on standard terms is 7 years. The range is 3 to 7 years. Alternatively, you could be resentenced to probation or conditional discharge. There could be other recourse such as public service work. There could be fines, et cetera. Do you understand the maximum penalties that could be imposed if you were resentenced on this charge?
>
> [Defendant]: Yes, sir."

¶ 7    After two continuances, on February 24, 2025, the trial court held a hearing on the revocation of defendant's probation. At that hearing, defense counsel advised that defendant intended to admit to violating the terms of his supervised release. The court then explained, and

3

confirmed that defendant understood, (1) that the State's petition alleged that defendant had violated his supervision by failing to appear, (2) that the defendant had a right to have a hearing on the State's petition, where he would have the right to have an attorney represent him, (3) that the defendant had a right to have the State's petition proven by a preponderance of the evidence, (4) that the defendant would have the right to call witnesses and present evidence on his own behalf, and the right to confront and cross-examine witnesses called by the State, and (5) that defendant had the right to not testify against himself if his testimony would implicate him in criminal conduct. Lastly, the circuit court admonished defendant as follows:

> "[Trial court]: Finally, you have the right to be advised of the potential penalties. They're the same now as when you were originally put on probation. This is a Class Two, standard term felony, so the range of possible penalties includes a potential prison sentence of at lease [*sic*] three years and up to a maximum of seven years. If you were sent to prison any such sentence would be followed by twelve months of mandatory supervised release. Alternatively you could be sentenced to probation or conditional discharge for a new term of up to 48 months. You could also be ordered to pay a fine up to a maximum of 25,000 dollars. Do you believe that you understand all of those possible penalties?
>
> [Defendant]: Yes, sir.
>
> [Trial court]: Do you have any questions about any of the rights that I've just gone over, what you're accused of, or the possible range of penalties?
>
> [Defendant]: No, sir.
>
> [Trial court]: Do you understand that if you admit that you violated your probation, you're giving up those rights that I've discussed, and there will not be a hearing of any kind?
>
> [Defendant]: Yes, sir.
>
> [Trial court]: Do you have any questions about any of those things?
>
> [Defendant]: No, sir.
>
> [Trial court]: Understanding all of those things, do you admit that you violated your probation in the manner alleged?

[Defendant]: Yes, sir."

¶ 8     The trial court proceeded to confirm that defendant made his admission voluntarily and without coercion and that no promise had been made regarding defendant's possible sentence. The State presented its factual basis. According to the factual basis, on July 11, 2024, defendant had been placed on 30 months of probation for the offense of aggravated domestic battery, a Class 2 felony. As a condition of defendant's release, he was required to report to the Champaign County Court Services Department. On August 19, 2024, a letter was mailed to defendant's last known address directing him to report to court services. Defendant failed to appear as of November 20, 2024, and his whereabouts were unknown.

¶ 9     After confirming with defense counsel that the State could produce evidence to the same, the trial court formally accepted defendant's admission. After further admonishing defendant about the consequences of failing to appear, the court continued the case pending sentencing. On May 13, 2025, the court sentenced defendant to four years in prison followed by four years of mandatory supervised release.

¶ 10    On June 11, 2025, defendant filed a motion to reconsider sentence, arguing that the sentence imposed by the trial court was excessive and not in keeping with his past history of criminality and the weight of mitigating factors. Defendant's motion was denied on July 2, 2025.

¶ 11    Defendant filed a timely notice of appeal on July 11, 2025.

¶ 12                              II. ANALYSIS

¶ 13    On appeal, defendant argues that the trial court failed to substantially comply with Illinois Supreme Court Rule 402A (eff. Nov. 1, 2003). Specifically, defendant claims that the trial court incorrectly admonished him concerning the maximum consequence he faced following his admission to a probation violation. On this basis, defendant asks that we vacate the trial court's

5

judgment revoking his probation, remand with directions to allow him to withdraw his admission, and continue further probation revocation proceedings as necessary. For the reasons that follow, we agree with defendant.

¶ 14 The trial court's compliance with Rule 402A is a legal question that we consider *de novo*. *People v. Ellis*, 375 Ill. App. 3d 1041, 1046 (2007). Illinois Supreme Court Rule 402A provides: "In proceedings to revoke probation, conditional discharge or supervision in which the defendant admits to a violation of probation, conditional discharge or supervision \*\*\*, there must be substantial compliance with the following." Ill. S. Ct. R. 402A (eff. Nov. 1, 2003). The rule continues:

> "The court shall not accept an admission to a violation, or a stipulation that the evidence is sufficient to revoke, without first addressing the defendant personally in open court, and informing the defendant of and determining that the defendant understands \*\*\* the sentencing range for the underlying offense for which the defendant is on probation, conditional discharge or supervision." Ill. S. Ct. R. 402A(a)(6) (eff. Nov. 1, 2003).

¶ 15 The purpose of Rule 402A(a) is to ensure that the defendant's admission is knowing, meaning he "understood his admission, the rights he was waiving, and the potential consequences of his admission." *People v. Dennis*, 354 Ill. App. 3d 491, 496 (2004). By its own terms, Rule 402A requires only "substantial compliance," and substantial compliance is sufficient to satisfy due process. *Id.* "Substantial compliance involves an 'affirmative showing in the record that the defendant understood each of the required admonitions.' " *People v. Saleh*, 2013 IL App (1st) 121195, ¶ 14 (quoting *Ellis*, 375 Ill. App. 3d at 1046). However, "while a defendant facing probation revocation is entitled to fewer procedural protections than a defendant facing an original criminal prosecution, one of the explicit procedural protections to which a probation revocation defendant is entitled is a clear explanation of the sentencing range he faces." *Ellis*, 375 Ill. App. 3d at 1048.

6

¶ 16    Initially, we note that defendant did not object to the admonishments nor did he raise issue with the admonishments in his postsentencing motion. Generally, this would result in forfeiture. *People v. Williams*, 2022 IL 126918, ¶ 48 ("To preserve a purported error for appellate review, a defendant must object to the error at trial and raise the error in a posttrial motion. [Citations.] Failure to do either results in forfeiture of such review ***."). A "defendant's claim that the circuit court failed to admonish him in substantial compliance with Rule 402A(a)," however, is "not subject to forfeiture." *People v. Curry*, 2019 IL App (3d) 160783, ¶ 22; accord *People v. Whitfield*, 217 Ill. 2d 177, 188 (2005) ("[I]t would be incongruous" to hold an improper admonishment forfeited as such a holding "would place the onus on defendant to ensure his own admonishment in accord with due process."). The State concedes that, "under the facts of this case, defendant has not forfeited his claim for failing to object to the court's admonishments at the time of the hearing or failing to raise the issue in his post-sentencing motion." Accordingly, we find defendant's claims were not forfeited.

¶ 17    Here, the record does not demonstrate substantial compliance with Rule 402A(a), because it does not contain an affirmative showing that defendant understood the applicable sentencing range when he admitted to the State's petition to revoke. Aggravated domestic battery is a Class 2 felony that carries a maximum sentence of three to seven years of incarceration, followed by 48 months of mandatory supervised release. See 720 ILCS 5/12-3.2(a)(1), 12-3.3(a-5) (West 2022).

¶ 18    Defendant was properly admonished regarding this sentencing range at his guilty plea hearing on July 11, 2024. However, at defendant's arraignment on the State's petition to revoke his probation on November 27, 2024, the trial court did not advise defendant that a 48-month term of mandatory supervised release would follow a term of incarceration. Instead, after stating the

minimum and maximum possible term of incarceration defendant faced, the trial court stated, "Alternatively, you could be resentenced to probation or conditional discharge."

¶ 19 More critically, prior to accepting defendant's admission on February 24, 2025, the trial court erred by telling defendant that any sentence of imprisonment would be followed by 12 months of mandatory supervised release. Defendant acknowledged that he understood what the trial court had told him, but the trial court had incorrectly stated the term of defendant's mandatory supervised release. Accordingly, the record does not affirmatively demonstrate that defendant understood the correct sentencing range he faced when he waived his right to a hearing. See *Curry*, 2019 IL App (3d) 160783, ¶ 23; *Ellis*, 375 Ill. App. 3d at 1046-47.

¶ 20 The State responds, arguing that even if the trial court did not substantially comply with Rule 402A, defendant has not shown that he was prejudiced by the erroneous admonishment. As our supreme court articulated in *People v. Hall*, substantial compliance with Rule 402A is the threshold to "protecting defendants' due process rights" and ensuring a "conscientious judicial determination of the charge." *People v. Hall*, 198 Ill. 2d 173, 177-81 (2001) (citing *People v. Pier*, 51 Ill. 2d 96, 99-100 (1972); *People v. Followell*, 165 Ill. App. 3d 28, 30-31 (1987)). Defendant was entitled to a hearing on the State's petition, and we cannot presume that defendant would have waived his due process rights had he correctly understood the maximum sentence he was facing. Thus, here, the failure to substantially comply with Rule 402A was inherently prejudicial and requires reversal. See, *e.g.*, *Curry*, 2019 IL App (3d) 160783, ¶ 23 (reversing where trial court failed to ascertain if defendant understood the possible sentencing range); *Ellis*, 375 Ill. App. 3d at 1047-49 (reversing where defendant did not receive "a clear explanation" of the sentencing range he faced).

¶ 21 We echo the admonishment of the First District in *Saleh*:

"We realize that the demands on judges handling crowded criminal dockets are such that, at times, they may forget or fudge something as fundamental as the admonitions. When this happens, at least two attorneys standing before the bench can see to it that the accused's due process rights are not impaired and that the record reflects substantial compliance with Rule 402A. The entire appeal before us could have easily been avoided had one of those attorneys brought the matter of the admonishments to the attention of the busy trial judge. Due process is every person's right, which means that is every lawyer's duty as an officer of the court to speak up in situations like this one where the admonishments are so well established as not to even be a matter of debate." *Saleh*, 2013 IL App (1st) 121195, ¶ 17

¶ 22    Because the record does not demonstrate substantial compliance with Rule 402A, we reverse the judgment of the trial court revoking defendant's probation. We remand the matter with directions that the trial court (1) allow defendant to withdraw his admission to the petition to revoke and (2) hold further proceedings consistent with this disposition.

¶ 23                                III. CONCLUSION

¶ 24    For the foregoing reasons, the judgment of the circuit court of Champaign County revoking defendant's probation for aggravated domestic battery is vacated and the cause is remanded for further proceedings.

¶ 25    Reversed and remanded with directions.